IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY,        )<br>                                                              )<br>                              Plaintiff,    )<br>                                                              )<br>       vs.                                                )<br>                                                              )<br> HUCKS POOL COMPANY, INC. and )<br> JEFFREY MANN,                              )<br>                                                              )<br>                              Defendants. )<br> _____ ) | CASE NO. 4:17-cv-02014-RBH |

### MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT
### PURSUANT TO RULE 12(b)1 AND/OR RULE 12(b)6, FRCP

The Defendant, Hucks Pool Company, Inc. (hereinafter "Hucks"), moves pursuant to Rule 12(b)1 (lack of subject matter jurisdiction) and Rule 12(b)6 (failure to state a claim upon which relief can be granted), FRCP for dismissal of the Plaintiff's Complaint and for reasonable attorney's fees related to the defense of this action.

### Underlying Facts

The Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §2201, asking the court to determine that it has no duty to defend[1] and no duty to indemnify[2] the Defendant Hucks for a potential, but yet unmade claim by the Defendant, Jeffrey Mann (hereinafter "Mann"). The Plaintiff does not plead that the Defendant Mann has filed a complaint or other action against the Defendant Hucks. The Complaint only asserts facts the Plaintiff believes would be the basis of the Defendant Mann's claim.

---

[1] Plaintiff's Complaint, Prayer for Relief (b)
[2] Plaintiff's Complaint, Prayer for Relief (c)

Simultaneous with the filing of this motion, the Defendant Hucks has filed an Answer, containing general denial and a defense of ripeness.

## Law and Discussion

Subject matter jurisdiction in the federal court is limited to the adjudication of actual cases and controversies under Article III of the United States Constitution. See, Deakins v. Monaghan, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). If a dispute is not ripe for judicial review, then it does not meet the case or controversy requirement.  See, Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991).

Generally, the duty to defend is broader than the duty to indemnify.  See, Perdue Farms, Inc. v. Travelers Cas. & Sur. Co. of Am., 448 F.3d 252 (4th Cir. 2206)(applying Maryland law).  In South Carolina, an insured's duty to defend is determined by the allegations of the underlying complaint.  See, Ellett Bros., Inc. v. U.S. Fid. & Guar.Co., 275 F.3d 384, 387-88 (4th Cir. 2001)(citing R.A. Earnhardt Textile Mack Div., Inc. v. S.C. Ins. Co., 277 S.C. 88, 90, 282 S.E.2d 856, 857 (1981)); see also, First Fin. Ins. Co. v. Sea Island Sport Fishing Soc'y, 327 S.C. 12, 14, 490 S.E. 2d 257, 258 (1997). The duty to indemnify is based upon the evidence found by the fact finder.  See, Ellett Bros., Inc. v. U.S. Fid. & Guar.Co., 275 F.3d 384, 388 (4th Cir. 2001).

This current action is analogous to the case of Union Ins. Co. v. Soleil Group, Inc., 465 F. Supp. 2d 567 (D.S.C. 2006). In this current action, as in Soleil, no suit has been filed against the insured Defendant Hucks. Therefore, this Court cannot compare the allegations in a complaint to the policy language to determine whether the Plaintiff has a duty to defend.  See, Union Ins. Co. v. Soleil Group, Inc., 465 F. Supp. 2d 567, 574 (D.S.C. 2006).

Some South Carolina authority says the "duty to indemnify is based on evidence found by the factfinder," and when findings of fact have not been made in the underlying lawsuit, the indemnity claim is not ripe.  See, <u>Union Ins. Co. v. Soleil Group, Inc.</u>, 465 F. Supp. 2d 567, 574-575 (D.S.C. 2006)(citing <u>Ellett Bros</u>., 275 F.3d at 388.)  Other South Carolina authority says that "[i]n an action for declaratory judgment, the obligation of a liability insurance company to defend and indemnify is determined by the allegations in the complaint."  See, <u>Union Ins. Co. v. Soleil Group, Inc.</u>, 465 F. Supp. 2d 567, 574-575 (D.S.C. 2006)(citing  <u>Mfrs. & Merchs. Mut. Ins. Co. v. Harvey</u>, 330 S.C. 152, 162, 498 S.E.2d 222, 227 (Ct. App. 1998).  Since no action has been brought against the insured, Defendant Hucks, and there has been no finding of fact, the duty to indemnify is not ripe for adjudication.

Finally, should the Court dismiss the declaratory judgment action, the Defendant Hucks is entitled to an order of the Court for attorney's fees for defending this action, and would request they be awarded.  See, <u>First Fin. Ins. Co. v. Sea Island Sport Fishing Soc'y</u>, 327 S.C. 12, 17, 490 S.E. 2d 257, 259 (1997); <u>Hegler v. Gulf Ins. Co.</u>, 270 S.C. 548, 243 S.E.2d 443 (1978).

## Conclusion

Since no suit has been filed by the Defendant Mann against the Defendant insured, Defendant Hucks, this Court lacks subject matter jurisdiction to determine whether the Plaintiff has a duty to defend or duty to indemnify under its commercial general liability policy.  Because there is no actual controversy, this Court should

dismiss the Plaintiff's Complaint and claims for declaratory relief.  Finally, the Court should award the Defendant Hucks its attorney fees for the defense of this action.

          MACDONALD & HICKS, PA
          1107 – 48th Avenue North, Suite 210
          Myrtle Beach, SC  29577
          (843) 449-4493
          Attorneys for Hucks Pool Company, Inc.

          /s/  Daniel J. MacDonald
          _____
          Daniel J. MacDonald
          Federal ID #5295

Myrtle Beach, South Carolina

August 30, 2017