UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Colony Insurance Company, | Civil Action No.: 4:17-cv-02014-RBH |
| Plaintiff, | |
| v. | ORDER |
| Hucks Pool Company, Inc. and Jeffrey Mann, | |
| Defendants. | |

This matter is before the Court on Defendant Hucks Pool Company, Inc.'s [ECF No. 7] motion to dismiss. For the reasons stated below, the Court grants in part and denies in part Hucks Pool Company's motion to dismiss.[1]

## Factual and Procedural Background

Colony issued Hucks Pool Company a Commercial General Liability Policy for the period of June 21, 2016 through June 21, 2017. On or about July 11, 2016, Defendant Jeffrey Mann ("Mann") was allegedly injured at the Hucks Pool Company facility when a Hucks Pool Company employee or associate activated a pressurized gun and shot Mann in the ear with a bleach solution. Following the incident, Mann retained counsel.

In a letter dated November 23, 2016, Mann's counsel placed Hucks Pool Company on notice of Mann's claim. The letter, addressed to Hucks Pool Company, stated:

> As you know, on July 11, 2016 Mr. Jeffrey Mann was at your facility when one of your associates activated a pressurized gun and shot him in the ear with a bleach solution. Due to this incident

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

> my client had to seek medical attention and may possibly sustain
> permanent hearing loss. Given the accident was due to the
> negligent operation of equipment by one of your employees we are
> placing you on notice that we are representing client for this
> incident and shall submit our demand package accordingly. Please
> contact me and provide me with the information regarding who
> your general liability insurance carrier is.

[ECF No. 14-1]. Mann has not yet filed a lawsuit based on this claim.

On July 31, 2017, Colony filed the instant declaratory judgment action seeking a declaration as to: 1) whether Colony's policy provides coverage for the July 11, 2016 incident involving Jeffrey Mann; 2) whether Colony has a duty to indemnify Hucks Pool Company for the July 11, 2016 incident; and 3) whether Colony has a duty to defend Hucks Pool Company for the July 11, 2016 incident. [Complaint, ECF No. 1 at 4].

Hucks Pool Company filed a motion to dismiss [ECF No. 7] arguing that this matter is not ripe for adjudication because Mann has not yet filed a complaint related to the underlying claim. Hucks Pool Company also argues the amount in controversy is not met for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## **Discussion**

Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. In accordance with this constitutional mandate, the Federal Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

A court's discretion to grant declaratory relief "should be liberally exercised to effectuate the

2

purposes of the [Declaratory Judgment Act] and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir.1937). The Supreme Court has stated that the case or controversy requirement will be met where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "[A] declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and...when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir.2004).

Relying on *Union Ins. Co. v. Soleil Group, Inc.*, 465 F. Supp. 2d 567 (D.S.C. 2006), Hucks Pool Company argues that this case is not ripe for adjudication because no complaint has been filed on behalf of Jeffrey Mann against Hucks Pool Company.

In *Union Ins. Co. v. Soleil Group, Inc.*, the court dismissed a declaratory judgment action for lack of subject matter jurisdiction on ripeness grounds. 465 F. Supp. 2d at 574-75. First, the court noted that in South Carolina "an insurer's duty to defend is determined by the allegations of the underlying complaint." *Id*. at 572. The court then held the duty to defend issue was not ripe because no complaint had been filed against the Soleil Group and with no complaint, the court could not "compare the allegations in the complaint to the policy language in order to determine whether Plaintiff has a duty to defend the Soleil Group." *Id*. at 574. As to the duty to indemnify, the court noted that the duty to indemnify is "based on evidence found by the factfinder" in the underlying lawsuit. *Id*. at 573. Because no underlying lawsuit had been filed, the court found the declaratory

3

judgment action regarding the duty to indemnify was also not ripe.

While this Court understands the reasoning behind the court's decision in *Union Ins. Co. v. Soleil Group, Inc.*, the Court also notes that the law regarding duty to defend has evolved somewhat since *Union Ins. Co.* was decided in 2006. In *City of Hartsville v. South Carolina Mun. Ins. & Risk Financing Fund*, the South Carolina Supreme Court stated:

> Although the cases addressing an insurer's duty to defend generally limit this duty to whether the allegations in a complaint are sufficient to bring the claims within the coverage of an insurance policy, an insurer's duty to defend is not strictly controlled by the allegations in the complaint. Instead, the duty to defend *may also* be determined by facts outside of the complaint that are known by the insurer.

*City of Hartsville v. South Carolina Mun. Ins. & Risk Financing Fund*, 677 S.E.2d 574, 578 (S.C. 2009). Thus, in determining whether an insurer owes a duty to defend, the court is not limited or constrained by the allegations in the complaint.[2]

In this case, with respect to the duty to defend issue, the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Medimmune, Inc.*, 549 U.S. at 127. The demand letter written by Mann's counsel indicates an imminent claim against Hucks Pool Company. The demand package Mann's counsel sent to Colony reflects a demand in the amount of $500,000.00. The claim arose on the Hucks Pool Company

---

[2] In South Carolina, an insurer's duty to defend is broader than its duty to indemnify. *Liberty Life Ins. Co. v. Comm. Union Ins. Co.*, 857 F.2d 945, 950 (4th Cir. 1988). Historically, the duty to defend was determined by simply determining whether the facts alleged in the underlying complaint brought the case within the policy coverage. *R.A. Earnhardt Textile Mach. Div., Inc. v. S.C. Ins. Co.*, 282 S.E.2d 856, 857 (S.C. 1981)). "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 459 S.E.2d 318, 319 (S.C. Ct. App. 1994)

premises and alleges injury arising from the alleged negligence of a Hucks Pool Company employee. Based on these facts, the Court finds the case or controversy requirement has been met as to the duty to defend issue, and the duty to defend issue is ripe for adjudication. *See, e.g., Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir.1992) (jurisdiction present even though insured had not yet been sued with respect to several potential claims because insured "had made a clear demand for payment of defense and indemnity costs" and insurer "disputed those demands"); *Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779, 786 (E.D.Va. 2007) (court had jurisdiction in declaratory-judgment action brought by insurer even though insured had not yet been sued because injured party had been pursuing a claim, and facts relevant to coverage had been stipulated to by insured and insurer); *Icarom, PLC v. Howard Cnty., Md.*, 904 F. Supp. 454, 458 (D.Md. 1995) (coverage dispute regarding future claims was ripe because "[a]ll the salient facts establishing a right to declaratory relief ha[d] already occurred," several injured third parties had submitted claims, and settlement negotiations with seven injured parties had begun); *T.H.E. Ins. Co. v. Dowdy's Amusement Park*, 820 F.Supp. 238, 240 (E.D.N.C. 1993) (suit had not been filed against insured, but injured party had retained attorney who gave insurer notice of intent to pursue a claim; failure to resolve coverage would affect settlement discussions and investigation of claims); State Farm Mut. Auto. Ins. Co. v. Sampson, 305 F.Supp. 50, 52 (M.D. Fla. 1969) (lack of a pending claim by injured parties was not a barrier to jurisdiction because it was "obvious that suit [was] imminent pending the outcome of this litigation"); *Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F.Supp. 196, 198 (D.N.J.1963) (jurisdiction present even though injured party had not yet sued insured because the insurer was "on actual notice of the occurrence of the accident, and of the severity of the injuries," and insurer could

otherwise be put to an unnecessary burden of investigating the accident).

While the duty to defend issue is ripe for adjudication, the Court finds that the duty to indemnify issue is not ripe. *See Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (stating "under South Carolina law," the duty to indemnify is based on evidence found by the factfinder . . . [b]ecause no findings of fact have been made in the four lawsuits against Ellett, the indemnity claim is not ripe and the district court correctly dismissed it"). Because no suit has been filed in the underlying action and no findings of fact have been made, the duty to indemnify issue is not yet ripe. *See id*.

As to Hucks Pool Company's argument that the amount in controversy is not met for diversity jurisdiction purposes, "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). Jeffrey Mann has alleged a claim seeking $500,000.00 for injuries and damages arising from the July 11, 2016 incident. The policy at issue contains a liability coverage limit of $2,000,000.00. Practical experience establishes that defense costs in defending a $500,000.00 injury claim could potentially exceed $75,000.00. Accordingly, the Court finds the amount in controversy is met for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## Conclusion

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Hucks Pool Company's [ECF No. 7] motion to dismiss. The motion to dismiss is granted with respect to the duty to indemnify issue. Colony's request for a declaration as to whether it has a duty to indemnify Hucks Pool Company is **DISMISSED without prejudice**.

The motion to dismiss is denied as to the duty to defend issue. This declaratory judgment action will proceed on the issue of whether Colony has a duty to defend Hucks Pool Company against Jeffrey Mann's claim arising from the July 11, 2016 incident.

IT IS SO ORDERED.

February 15, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge